IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:08-CV-147-RLV-DCK

| | |
|---|---|
| SAMUEL S. OSTRANDER ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion For Summary Judgment" (Document No. 8) and "Plaintiff's Brief Supporting Motion For Summary Judgment" (Document No. 9), filed June 19, 2009; and Defendant Commissioner's "Motion For Judgment On The Pleadings" (Document No. 10) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 11), filed August 21, 2009. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be <u>denied</u>; Defendant's "Motion for Judgment On The Pleadings" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. PROCEDURAL HISTORY

Plaintiff Samuel S. Ostrander ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. On May 14, 2004,

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability to work due to a disabling condition beginning September 4, 1994. (Transcript of the Record of Proceedings ("Tr.") 94-97). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 27, 2004, and again after reconsideration on October 5, 2004. (Tr. 56, 61). Plaintiff filed a timely written request for a hearing on October 28, 2004. (Tr. 63). On May 9, 2006, Plaintiff appeared and testified at a hearing before Administrative Law Judge Robin R. Palenske ("ALJ"). (Tr. 27-53). On January 19, 2007, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 11, 24).

Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on November 13, 2008. (Tr. 4-6). The January 19, 2007 decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request on November 13, 2008. (Tr. 4).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on December 22, 2008. (Document No. 1) The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

2

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between September 4, 1994, and December 31, 1997, Plaintiff's date last insured.[1] To establish entitlement to benefits, Plaintiff has the burden

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

3

of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On January 19, 2007, the ALJ found that Plaintiff was not "disabled" at any time between September 4, 1994, and December 31, 1997. (Tr. 24). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. (20 C.F.R. § 404.1520(a)). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

(20 C.F.R. § 404.1520(a)(4)(I-v)). In this case, the ALJ determined at the fifth step that the Plaintiff was <u>not</u> disabled.

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity from his alleged disability onset date of September 4, 1994 through the date last insured, December 31, 1997. (Tr. 16). At the second step, the ALJ found that Plaintiff's "history of urethral injury, with insertion of a chronic suprapubic catheter, and a history of a pelvic fracture" were severe

4

impairments. (Tr. 16).² At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16-17).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform a significant range of light exertional activity, with the following limitations:

> lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk six hours with opportunity to alternate sitting and standing; climbing stairs limited to occasionally (up to one-third of an eight-hour day); no climbing of ladders; ropes and scaffolds; occasional bending at the waist; occasional kneeling, crouching, and crawling; requires the opportunity to alternate sitting and standing.

(Tr. 17). The ALJ noted that she considered the disability rating of Plaintiff's injuries by the Veterans Administration, but did not find it provided any significant additional information and provided little rationale for concluding Plaintiff was unable to engage in competitive employment. (Tr. 22). At step four, the ALJ determined that Plaintiff could not perform his past relevant work as a coal belt line operator, which was performed at the medium exertional level. (Tr. 22).

At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert ("VE") and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 22). Specifically, the VE testified that according to the factors given by the ALJ, claimant could perform occupations including coin machine collector, storage facility rental clerk, and parking lot attendant. (Tr. 46). Therefore, the ALJ concluded that Plaintiff was not under a

---

² The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

"disability," as defined by the Social Security Act, at any time between September 4, 1994, and December 31, 1997. (Tr. 23-24).

Plaintiff on appeal to this Court contends that the ALJ "erred by making conflicting findings in the residual functional capacity assessment regarding Plaintiff's ability to sit, stand, and walk." (Document No. 8, p.1). In his assignment of error, Plaintiff argues that "[a]s a matter of law, the ALJ cannot find both that Plaintiff can stand and walk for 6 hours and that he must alternate sitting and standing." (Document No. 9, p.6). Plaintiff contends that the ALJ's RFC assessment does not comply with the standards of the Social Security Regulations, and the policies of the Commissioner, because the ALJ failed to specify "exactly how much time Plaintiff[] must sit during an[] 8-hour day." Id.

The undersigned respectfully disagrees with Plaintiff's position and finds no conflict in the ALJ's RFC assessment. As Defendant notes, the ALJ's finding that Plaintiff can "stand/walk six hours with opportunity to alternate sitting and standing" in an eight hour day, leads to the reasonable conclusion that Plaintiff may need to sit approximately two hours of the eight hour day. (Document No. 11, p.4). In her hypothetical to the VE, the ALJ was clear that the VE should assume the individual has the RFC for light work, with "additional limitations" including a sit/stand option. (Tr. 46). The ALJ's hypothetical was proper and appears consistent with Social Security Ruling ("SSR") 83-12, which provides in part

> A VS can assess the effect of any limitation on the range of work at issue (e.g., the potential occupational base); advise whether the impaired person's RFC permits him or her to perform substantial numbers of occupations within the range of work at issue; identify jobs which are within the RFC, if they exist; and provide a statement of the incidence of such jobs in the region in which the person lives....

SSR 83-12.

Substantial evidence appears to support the ALJ's decision. In reaching her determination, the ALJ considered, among other things, extensive medical records and carefully framed her hypothetical to the VE regarding a RFC for light work, but with additional limitations which she listed for the VE. (Tr. 46). With guidance from the VE, the ALJ found that there were other occupations in significant numbers that Plaintiff would have been able to perform during the relevant time period. The Court notes that Plaintiff's counsel had the opportunity to examine the VE at the hearing and did not raise the issue of any inconsistency with the Plaintiff's RFC and the additional limitation of a sit/stand option, or with Plaintiff's ability to perform the occupations identified by the VE. (Tr. 46-47). To the extent the ALJ's decision is inconsistent with the interpretations and policy statements of SSR 96-8p because it failed to specify exactly how much time Plaintiff must sit in an eight hour workday, the undersigned finds such failure to be at most harmless error and not sufficient grounds for reversal of the ALJ's decision. See Kersey v. Astrue, 614 F.Supp.2d 679, 696 (W.D.Va. 2009)("Errors are harmless in social security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error.").

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

7

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 8) be **DENIED**; Defendant's "Motion For Judgment On The Pleadings" (Document No. 11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: August 6, 2010

David C. Keesler
United States Magistrate Judge