IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:08CV147-RLV

| | |
|---|---|
| SAMUEL S. OSTRANDER,<br>        Plaintiff/Claimant, | )<br>)<br>) |
| v. | )    **Memorandum and Order** |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>        Defendant/Commissioner. | )<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on the parties' cross-motions for summary judgment (Documents ##8-11) and upon the Memorandum and Recommendation of United States Magistrate Judge David C. Keesler (the "Magistrate Judge"). (Document #12)

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge was designated to consider and recommend disposition. In an opinion filed August 6, 2010, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's decision be affirmed. (M&R at 5-7.) Plaintiff, through counsel, timely filed Objections to the Memorandum and Recommendation ("M & R") on August 23, 2010. (Document #14) The Commissioner filed a reply brief on September 7, 2010. (Document #15)

I.

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir. 1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C. 1992). The statute does not require *de novo* review when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of those issues specifically raised in Plaintiff's objections.

## II.

Plaintiff Ostrander's Objection to the M & R focuses on the determination regarding Ostrander's Residual Functional Capacity[1] ("RFC") and the interplay between Social Security Rulings (SSR) 83-10 and 83-12. More specifically, Plaintiff contends that the ALJ (and subsequently the Magistrate Judge) erred in holding that substantial evidence supports the ruling that Ostrander can both: 1) engage in light work that may require Plaintiff to stand or walk for 6 out of 8 hours per day; and 2) adhere to the other functional / exertional limitations identified by the ALJ, namely, the need to alternate periods of sitting and standing. (Pl.'s Objs. at 2-3)

As an initial matter, both SSRs 83-10 and 83-12 were enacted to clarify how the Medical-Vocational Rules of Appendix 2 ("the Grids") may be used to assess eligibility for disability

---

[1] The phrase "Residual Functional Capacity" is defined as "[a] medical assessment of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s). RFC is the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." SSR 83-10: Titles II and XVI: *Determining Capability To Do Other Work – The Medical Vocational Rules Of Appendix 2*, pp. 7-8.

benefits. (Def.'s Reply at 4 n. 1.) Because the ALJ relied on the testimony of a Vocational Expert ("VE") rather than solely upon the Grids, neither of these SSRs is determinative as suggested by Plaintiff.

To the extent SSRs 83-10 and 12 are instructive, however, SSR 83-12 suggests that the implications of a functional limitation, including the extent of erosion of the occupational base, may be more appropriately assessed by a VE. *See* SSR 83-12: Titles II and XVI: *Capability To Do Other Work – The Medical Vocational Rules As A Framework For Evaluating Exertional Limitations Within A Range Of Work Or Between Ranges Of Work*, Policy Statement. SSR 83-12 goes on to describe the various situations where the use of a VE may be helpful. Id., Adjudicative Guidance, ¶¶1-3. As applied here, it is the Court's view that SSR 83-12 and SSR 83-10 are entirely consistent with the procedure followed by the ALJ and the Commissioner's ultimate ruling.[2]

---

[2] Relevant to the instant case, SSR 83-10 notes that "the *full range* of light work requires standing or walking, off and on, for a total of approximately six (6) hours in an eight (8) hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10: Titles II and XVI: *Determining Capability To Do Other Work – The Medical Vocational Rules Of Appendix 2*, pp. 1-2. The "full range" of light work (as opposed to the range of light work generally) means exactly that – "all or substantially all occupations existing at an exertional level." Id. at 7.

Plaintiff is correct that SSR 83-12 contemplates the difficulty in evaluating a claimant's need to alternate periods of sitting and standing when relying on the Grids. Nonetheless, Ostrander appears to overlook the significance of the VE's testimony. SSR 83-12 provides the following guidance:

    1. Alternate Sitting and Standing

        In some disability claims, the medical facts lead to an assessment of RFC which [] compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated *for most light work*. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a

3

In this case, the ALJ, in fact, employed and relied upon a vocational expert. (M&R at 6.) Furthermore, the Magistrate Judge found that the ALJ "carefully framed her hypothetical to the VE regarding a RFC for light work, but with additional limitations which she listed for the VE." (M&R at 7; Tr. 46-47) The undersigned agrees with the Magistrate Judge's assessment. Finally, the VE identified three (3) jobs that existed in significant numbers in the national economy that Ostrander was able to perform: coin machine collector, store facility rental clerk, and parking lot attendant. (Tr. 46) For these reasons, the Court agrees that substantial evidence supports the Commissioner's decision.

After an independent review of the Memorandum and Recommendation, Plaintiff's Objections, the Commissioner's Reply, and a *de novo* review of this portion of the administrative record, the Court concludes that the recommendations are, in fact, correct and in accordance with the governing law. Accordingly, the findings and conclusions of the Magistrate Judge are adopted for all purposes and hereby incorporated by reference.

### III.

**IT IS, THEREFORE, ORDERED** that the Defendant-Commissioner's Motion for Summary Judgment is hereby **GRANTED** and the Commissioner's decision **AFFIRMED. IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED.**

---

defined range of work.)

\*\*\*

In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

SSR 83-12: Titles II and XVI: *Capability To Do Other Work – The Medical Vocational Rules As A Framework For Evaluating Exertional Limitations Within A Range Of Work Or Between Ranges Of Work*, Special Situations, ¶1.

Signed: April 20, 2011

Richard L. Voorhees
United States District Judge